IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY SCOTT CLEGG, #276457, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                     ) | CASE NO. 2:16-CV-232-TFM |
| ) | |
| DR. BRADFORD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed on April 12, 2016 by Jeffrey Scott Clegg ("Clegg"), a state inmate currently incarcerated at the Bullock Correctional Facility.  In the amended complaint, Clegg alleges that Dr. Bradford violated his constitutional rights when he failed to provided him with the correct eyeglasses.

On January 19, 2017, the plaintiff filed a motion for preliminary injunction in which he seeks issuance of a preliminary injunction requiring Dr. Bradford to provide him a prescription for "fairly dark transitional lenses." *Doc. No. 35* at 2.  Dr. Bradford filed a response, supported by his affidavit and relevant medical records, in which he asserts that Clegg is not entitled to the requested preliminary injunctive relief.

Upon review of the motion for preliminary injunction and the response thereto filed by the defendant, the court concludes that this motion is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Clegg demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the

absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Clegg seeks preliminary injunctive relief in the form of a prescription for tinted lenses in his eyeglasses.  In his response to the motion for preliminary injunction, Dr. Bradford maintains that Clegg's condition does not warrant a prescription for tinted lenses. Specifically, Dr. Bradford addresses Clegg's claim as follows:

> Institutional Eye Care currently holds a contract with Corizon, LLC to provide on-site vision services to inmates incarcerated within Alabama state correctional facilities.
> In my position as an independent contractor with Institutional Eye Care, I provide optometry services to inmates, including performing eye exams and writing prescriptions for corrective lenses.  I perform eye examinations at Bullock County Correctional Facility on a monthly basis.
> It is my understanding that inmates typically receive an eye examination and eyeglasses every two years.  Exceptions are made for diabetic and chronic care patients, who are placed on my schedule more frequently by Corizon.
> I do not schedule inmates for examinations.  It is my understanding that inmates, such as Mr. Clegg, must request optometry services before being placed on my schedule by Corizon.
> I do not personally maintain or keep records for inmates.  Inmate records are maintained by Corizon at the correctional facility.
> I have reviewed Plaintiff's Motion for Preliminary Injunction and the relevant medical records in order to respond to Plaintiff's motion.

> Plaintiff's request for transitional lenses, with bifocals, based on his perceived sensitivity to light as a result of punctate keratitis is not supported by the medical records in my possession.
> On August 10, 2016, I ordered eye glasses for the Plaintiff using the eye glass prescription from Dr. Wendy Huang at Eye Center South in Dothan, Alabama. The prescription did not call for transitional or tinted lenses.
> I have also entered orders for lid scrubs and artificial tears as indicated by Dr. Huang.
> Dr. Huang noted that Plaintiff suffers from (1) blepharitis, which is a chronic condition that can cause symptoms of dry eye, chalazion, and general eyelid irritation and for which lid scrubs and warm compresses were recommended and ordered; (2) punctate keratitis or chronic dry eye syndrome, for which artificial tears were recommended and ordered; (3) bilateral myopia, for which new glasses were ordered[.]
> Based on my review of the medical records, Plaintiff appears to have a mild case of punctate keratitis.
> The treatment for mild cases such as this is the use of artificial tears to lubricate the ocular surface.
> In order for an inmate to receive tinted glasses, the inmate must present a medical necessity. In my opinion, tinted glasses are not medically necessary for Plaintiff, based on the documentation in the medical records.

*Doc. No. 41-1* at 3-4 (page numbering assigned in the docketing process) (internal paragraph numbers omitted).

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Clegg has failed to demonstrate a substantial likelihood of success on the merits of his claim with respect to the perceived need for tinted lenses. Clegg likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendant as issuance of the injunction would adversely impact the ability of medical personnel to determine the proper course of treatment for inmates. Finally, the public interest element of the equation is, at best, a

neutral factor at this time. Thus, Clegg has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

Accordingly, it is

ORDERED that the motion for preliminary injunction filed by the plaintiff on January 19, 2017 (Doc. No. 35) be DENIED.

DONE this 13th day of February, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE